[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 24 September 1996 Date of Application: 14 October 1996 Date Application Filed: 16 October 1996 Date of Decision: 24 February 1998
 Application for Review of Sentence imposed by the Superior Court, Judicial District of Danbury at Danbury, Docket Number DBD-CR950091713S.
Charles Batts, Pro Se, Representing Himself.
David Holzbach, Esq, For the State of Connecticut.
The petitioner was convicted by jury of the crime of Assault of Department of Corrections employee in violation of Conn. Gen. Stat. 53a-167c (a)(1). At the time of sentence the petitioner was given the maximum sentence by the court of ten years to serve.
The record shows that the petitioner approached a correction officer in a hostile manner and punched the officer on the left side of the head causing pain.
At the hearing, the petitioner, who represented himself, presented a series of rambling and somewhat unfocused reasons for his sentence to be lowered. He felt that the statutory penalty was way too high for the nature of the offense. He argued that correction officers are paid to be in these dangerous situations CT Page 3677 and that the ten year penalty is too high. He argued that the court should not have taken into consideration his record of disciplinary infractions while he was incarcerated. He felt it prejudiced the court. Mr. Batts also argued that the sentencing court should not have taken into consideration his convictions in North Carolina as they were a result of pleas rather than by jury trials. Mr. Batts also felt that his present incarceration in Northern Correctional Institution constitutes cruel and unusual punishment and that it enhances the penalty imposed by requiring him to serve time in such a restrictive facility. Mr. Batts noted his present mental health issues and told the panel he is not the type of person who should be locked up. He indicated to the panel that the imposition of a consecutive sentence (as was done here) was unconstitutional and that his sentence should be reduced by the panel.
The attorney for the state noted that the sentencing judge had vast experience within the criminal courts. He thought the court was patient with the petitioner during the trial and sentencing and that the court enunciated many reasons for the sentence given to the petitioner. Counsel felt that the petitioner showed no respect for the law and concerns of others and that he represented a danger to the world and that he should not be allowed into society. The attorney noted the petitioner's criminal record was enormous and that served as a solid reason for the trial court to impose the sentence consecutively. Counsel knew of no case that indicated it was unconstitutional to impose a sentence consecutively. He urged affirmance of the trial courts sentence.
In reviewing the sentence under the standards established by Practice Book 942, we find that the trial courts sentence to be neither inappropriate nor disproportionate in light of the nature of the offense. An assault on a corrections officer within the prison system goes to the heart of the sentencing process. Such an assault can lead to the father harm to the other correction personnel and foster a very dangerous situation that can lead to the loss of life and severe property damage. Here the petitioners actions within the correctional system indicate that he was a serious disciplinary problem that managed to amass a massive number of tickets for improper conduct. The sentence is affirmed.
Norko, J.
Klaczak, J. CT Page 3678
Miano, J.
Klaczak, J., Norko, J. and Miano, J. participated in this decision.